09-2064-ag
Malo v. Holder

BIA
Balasquide, IJ
A098 937 086

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of April, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        JOSÉ A. CABRANES,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges*.

_____

KRENAR MALO,
        *Petitioner*,

        v.                                    09-2064-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, U.S. DEPARTMENT OF
HOMELAND SECURITY,
        *Respondents*.

_____

FOR PETITIONER:     Marisa C. Petrella, Petrella Brown PLC, Southfield, Michigan.

FOR RESPONDENTS:    Tony West, Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Kristina R. Sracic, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Krenar Malo, a native and citizen of Albania, seeks review of an April 16, 2009, order of the BIA affirming the March 30, 2007, decision of Immigration Judge ("IJ") Javier Balasquide denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Krenar Malo*, No. A 098 937 086 (B.I.A. Apr. 16, 2009), *aff'g* No. A 098 937 086 (Immig. Ct. N.Y. City Mar. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In making that determination,

2

the IJ found that: (1) it was implausible that Malo could not specify his position in the Democratic Party or describe with any detail his activities on behalf of the party; (2) Malo testified inconsistently regarding the date he entered the United States; and (3) Malo testified inconsistently regarding the dates of the incidents of harm that served as the basis for his asylum application. The BIA affirmed the IJ's decision, holding that the IJ "identified inconsistencies in [Malo's] evidence that bear directly on his claim of past persecution in Albania." Despite Malo's arguments, we are not compelled to conclude to the contrary. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Inasmuch as each of Malo's claims share the same factual predicate, the IJ's adverse credibility determination is fatal to his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Thus, we need not reach the agency's alternate burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk